## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GEORGE ASSAD, Individually and On Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | JURY TRIAL DEMANDED |
| NOBLE ENERGY, INC., JEFFREY L. BERENSON, JAMES E. CRADDOCK, BARBARA J. DUGANIER, THOMAS J. EDELMAN, HOLLI C. LADHANI, DAVID L. STOVER, SCOTT D. URBAN, WILLIAM T. VAN KLEEF, MARTHA B. WYRSCH, CHEVRON CORPORATION, and CHELSEA MERGER SUB INC., | ) ) ) ) ) ) ) ) ) ) | CLASS ACTION |
| Defendants. | ) | |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on July 20, 2020 (the "Proposed Transaction"), pursuant to which Noble Energy, Inc. ("Noble Energy" or the "Company") will be acquired by Chevron Corporation ("Parent") and Chelsea Merger Sub Inc. ("Merger Sub," and together with Parent, "Chevron").

2.      On July 20, 2020, Noble Energy's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Chevron.  Pursuant to the terms of the Merger Agreement, Noble Energy's stockholders will receive 0.1191 of a share of Parent common stock for each share of Noble Energy

common stock they own.

3.      On August 11, 2020, defendants filed a Form S-4 Registration Statement (the "Registration Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Registration Statement omits material information with respect to the Proposed Transaction, which renders the Registration Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Registration Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Noble Energy common stock.

9.      Defendant Noble Energy is a Delaware corporation and maintains its principal executive offices at 1001 Noble Energy Way, Houston, Texas 77070.  Noble Energy's common

stock is traded on the NASDAQ Global Select Market under the ticker symbol "NBL."

10.    Defendant Jeffrey L. Berenson is a director of the Company.

11.    Defendant James E. Craddock is a director of the Company.

12.    Defendant Barbara J. Duganier is a director of the Company.

13.    Defendant Thomas J. Edelman is a director of the Company.

14.    Defendant Holli C. Ladhani is a director of the Company.

15.    Defendant David L. Stover is Chief Executive Officer and Chairman of the Board of the Company.

16.    Defendant Scott D. Urban is a director of the Company.

17.    Defendant William T. Van Kleef is a director of the Company.

18.    Defendant Martha B. Wyrsch is a director of the Company.

19.    The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20.    Defendant Parent is a Delaware corporation and a party to the Merger Agreement.

21.    Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Noble Energy (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23.    This action is properly maintainable as a class action.

24.    The Class is so numerous that joinder of all members is impracticable.  As of July 17, 2020, there were approximately 479,938,370 shares of Noble Energy common stock

3

outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

29. Noble Energy is an independent oil and natural gas exploration and production company. The Company operates a high-quality portfolio of assets onshore in the United States, offshore in the Eastern Mediterranean, and off the west coast of Africa.

30.     On July 20, 2020, Noble Energy's Board caused the Company to enter into the Merger Agreement with Chevron.

31.     Pursuant to the terms of the Merger Agreement, Noble Energy's stockholders will receive 0.1191 of a share of Parent common stock for each share of Noble Energy common stock they own.

32.     According to the press release announcing the Proposed Transaction:

Chevron Corporation (NYSE: CVX) announced today that it has entered into a definitive agreement with Noble Energy, Inc. (NASDAQ: NBL) to acquire all of the outstanding shares of Noble Energy in an all-stock transaction valued at $5 billion, or $10.38 per share. Based on Chevron's closing price on July 17, 2020 and under the terms of the agreement, Noble Energy shareholders will receive 0.1191 shares of Chevron for each Noble Energy share. The total enterprise value, including debt, of the transaction is $13 billion. . . .

Transaction Details

The acquisition consideration is structured with 100 percent stock utilizing Chevron's attractive equity currency while maintaining a strong balance sheet. In aggregate, upon closing of the transaction, Chevron will issue approximately 58 million shares of stock. Total enterprise value of $13 billion includes net debt and book value of non-controlling interest.

The transaction has been unanimously approved by the Boards of Directors of both companies and is expected to close in the fourth quarter of 2020. The acquisition is subject to Noble Energy shareholder approval. It is also subject to regulatory approvals and other customary closing conditions.

The transaction price represents a premium of nearly 12% on a 10-day average based on closing stock prices on July 17, 2020. Following closing of the transaction, Noble Energy shareholders will own approximately 3% of the combined company.

Advisors

Credit Suisse Securities (USA) LLC is acting as financial advisor to Chevron. Paul, Weiss, Rifkind, Wharton & Garrison LLP is acting as legal advisor to Chevron. J.P. Morgan Securities LLC is acting as financial advisor to Noble Energy. Vinson & Elkins LLP is acting as legal advisor to Noble Energy.

***The Registration Statement Omits Material Information, Rendering It False and Misleading***

33.    Defendants filed the Registration Statement with the SEC in connection with the Proposed Transaction.

34.    As set forth below, the Registration Statement omits material information.

35.    First, the Registration Statement omits material information regarding the Company's and Chevron's financial projections.

36.    With respect to the Company's financial projections, the Registration Statement fails to disclose, for each set of projections: (i) all line items used to calculate (a) EBITDAX and (b) free cash flow; (ii) projected net income; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

37.    The Registration Statement fails to disclose Chevron's financial projections.

38.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

39.    Second, the Registration Statement omits material information regarding the analyses performed by the Company's financial advisor, J.P. Morgan Securities LLC ("JPM").

40.    With respect to JPM's Selected Transaction Multiples Analysis, the Registration Statement fails to disclose the individual multiples and metrics for the transactions observed by JPM in the analysis.

41.    With respect to JPM's Discounted Cash Flow Analysis, the Registration Statement fails to disclose: (i) the unlevered free cash flows that Noble Energy was forecasted to generate during fiscal years 2021 through 2029 as used in the analysis and all underlying line items; (ii) the

terminal asset values for Noble Energy; (iii) JPM's basis for applying a terminal value growth rate ranging from (1.5%) to 1.5%; (iv) the individual inputs and assumptions underlying the range of discount rates of 10% to 12%; and (v) the number of fully diluted shares outstanding at Noble Energy.

42.     With respect to JPM's Analyst Price Target analysis, the Registration Statement fails to disclose: (i) the price targets observed by JPM in the analysis; and (ii) the sources thereof.

43.     The Registration Statement also fails to disclose any analyses with respect to Chevron.

44.     When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

45.     Third, the Registration Statement omits material information regarding JPM's engagement.

46.     The Registration Statement fails to disclose the circumstances under which JPM will receive the "additional discretionary fee of up to $5 million," and whether the Company intends to pay such fee to JPM.

47.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

48.     Fourth, the Registration Statement provides that:

Noble Energy contacted eight infrastructure-focused entities to measure third-party interest in acquiring a portion of Noble Energy's interests in the region. Noble Energy entered into confidentiality agreements with several potential counterparties, provided due diligence materials and engaged in discussions over several months. These efforts did not result in any offers that were projected to increase value.

49.     However, the Registration Statement fails to disclose the terms of the confidentiality agreements, as well as the terms and values of the offers.

50.     The Company's stockholders are entitled to an accurate description of the process leading up to the execution of the Merger Agreement.

51.     The omission of the above-referenced material information renders the Registration Statement false and misleading.

52.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Noble Energy**

53.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

54.     The Individual Defendants disseminated the false and misleading Registration Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Noble Energy is liable as the issuer of these statements.

55.     The Registration Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Registration Statement.

56.     The Individual Defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

57.     The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Registration Statement and in other information reasonably available to stockholders.

58.     The Registration Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

59.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

60.     Because of the false and misleading statements in the Registration Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Chevron

61.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

62.     The Individual Defendants and Chevron acted as controlling persons of Noble Energy within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or Board members of Noble Energy and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

63.     Each of the Individual Defendants and Chevron was provided with or had unlimited access to copies of the Registration Statement alleged by plaintiff to be misleading prior to and/or

shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

64.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.   The Registration Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.   They were thus directly involved in the making of the Registration Statement.

65.     Chevron also had supervisory control over the composition of the Registration Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Registration Statement.

66.     By virtue of the foregoing, the Individual Defendants and Chevron violated Section 20(a) of the 1934 Act.

67.     As set forth above, the Individual Defendants and Chevron had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.   As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

10

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Registration Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: August 18, 2020

**RIGRODSKY & LONG, P.A.**

By:  */s/ Gina M. Serra*
    Brian D. Long (#4347)
    Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 210
    Wilmington, DE 19801
    Telephone: (302) 295-5310
    Facsimile: (302) 654-7530
    Email: bdl@rl-legal.com
    Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*